IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SERAFINA LICCARDI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-485-E-BN |
| | § | |
| FREDERICK W. SMITH, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Serafina Liccardi, invoking diversity jurisdiction under 28 U.S.C. § 1332, filed a *pro se* complaint against Jeff Bezos and FedEx (and its founder and deputy police chief), in which Liccardi alleges that in November 2020 FedEx "[m]isdelivered [her] unfinished Trademark and Copyright protected merchandise materials to an Amazon Distribution location near [her]" so that these materials "are now entirely missing." Dkt. No. 3. Liccardi also moves for leave to proceed *in forma pauperis* (IFP). *See* Dkt. No. 4. So United States District Judge Ada Brown referred Liccardi's complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. The Court will grant Liccardi's IFP motion through a separate order. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint with prejudice as time barred.

**Discussion**

While Liccardi references the "misdelivery" of copyrighted or trademarked

materials, the claims in the complaint are for negligence. *See, e.g.*, Dkt. No. 3 at 4 (the alleged "negligence caused an unknown but colossal amount of financial damage" (cleaned up)); *id.* at 9 (Defendants "negligently handled and lost my private, unfinished limited-edition, trademark and copyright protected merchandise, and I am now under the threat of trademark and copyright infringement from them, and other countries, causing unknown but colossal amount of financial damage." (cleaned up)).

And the allegations made do not, for example, reflect that Liccardi also asserts an actual claim of copyright infringement. *Compare id.*, *with, e.g.*, *Cat & Dogma, LLC v. Target Corp.*, No. 20-50674, 2021 WL 4726593, at *2 (5th Cir. Oct. 8, 2021) (per curiam) ("To prove copyright infringement, a plaintiff must establish (1) ownership of a valid copyright; (2) factual copying; and (3) substantial similarity." (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 549 (5th Cir. 2015) (quoting, in turn, *Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007) (per curiam)))).

The negligence claims are subject to Texas's two-year statute of limitations for personal injury actions. *See* TEX. CIV. PRAC. & REM. CODE § 16.003. Under Texas law, the claims accrued (that is, this statute of limitations started to run) when the alleged negligence "cause[d] an injury, regardless of when [Liccardi] learn[ed] of that injury or if all resulting damages have yet to occur." *Suter v. Univ. of Tex. at San Antonio*, 495 F. App'x 506, 509 (5th Cir. 2012) (per curiam) (quoting *Childs v. Haussecker*, 974 S.W.2d 31, 36-37 (Tex. 1998); citing *Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex.

1997)); *see also Williams v. Kroger Tex., L.P.*, No. 3:16-cv-1631-L, 2016 WL 5870976, at *3 n.1 (N.D. Tex. Oct. 16, 2016) ("The statute of limitations for a personal injury cause of action under Texas law begins to run from the date a wrongful act causes an injury." (citing *Childs*, 974 S.W.2d at 36)).

Based on the facts that Liccardi alleges, an injury was caused in November or December 2020 at the latest. *See* Dkt. No. 3 at 14-18. So this lawsuit, field no sooner than March 3, 2023, was initiated more than two years after the negligence claims accrued. And Liccardi's claims are time barred.

That claims are subject to dismissal based on a statute of limitations is typically an affirmative defense. But Liccardi filed the current complaint IFP, subjecting the complaint to judicial screening under 28 U.S.C. § 1915(e).

And, if "'it is clear from the face of [such] a complaint ... that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed' as frivolous." *Wilson v. U.S. Penitentiary Leavenworth*, 450 F. App'x 397, 399 (5th Cir. 2011) (per curiam) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) ("Although the defense of limitations is an affirmative defense, which usually must be raised by the defendants in the district court, this court has held that the district court may raise the defense *sua sponte* in an action proceeding under 28 U.S.C. § 1915. Thus, where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915[(e)]." (citations omitted))).

That is the case here. The face of Liccardi's complaint makes it clear that the

negligence claims are time barred.

Nonetheless, "a litigant is entitled to equitable tolling of a statute of limitations" "if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010))

But a plaintiff must "allege specific facts" to support all prongs of "a plausible equitable tolling claim." *Taggart v. Norwest Mortg., Inc.*, Civ. A. No. 09-1281, 2010 WL 114946, at *3 (E.D. Pa. Jan. 11, 2010); *see also Chandra v. Bowhead Sci. & Tech., LLC*, No. 3:16-cv-375-B, 2018 WL 1252097, at *4 (N.D. Tex. Mar. 12, 2018) ("[C]ourts 'still require *pro se* parties to fundamentally "abide by the rules that govern the federal courts."' So *pro se* 'litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, ... and brief arguments on appeal.' Chandra's pleadings fall short of that goal by failing to allege any plausible facts entitling him to equitable tolling." (quoting *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014))); *cf. Peterson v. United States*, No. 8:18-cv-217-T-17TGW, 2018 WL 1832417, at *2 (M.D. Fla. Feb. 16, 2018) ("The FTCA's limitation period, however, is subject to equitable tolling. The plaintiff does not even mention that it applies. In light of the length of time between the death and the filing of this lawsuit, a claim of equitable tolling would seemingly be implausible and thus frivolous." (citation omitted)), *rec. adopted*, 2018 WL 1832419 (M.D. Fla. Mar. 14, 2018).

Liccardi fails to allege facts to support either prong of equitable tolling.

Relatedly, Liccardi's current complaint references an action that she filed in this district in February 2021 raising substantially the same claims being raised now. *See* Dkt. No. 3 at 4 ("See Prior Case # 3-21CV0314-E"). That lawsuit was dismissed without prejudice on December 27, 2022 because Liccardi, not then proceeding IFP, failed to serve the defendants as required under Federal Rule of Civil Procedure 4(m). *See Liccardi v. Smith*, No. 3:21-cv-314-E-BH, 2022 WL 17968953 (N.D. Tex. Aug. 12, 2022), *rec. accepted*, 2022 WL 17961428 (N.D. Tex. Dec. 27, 2022).

"While the filing of a lawsuit normally tolls the period of limitations, dismissal of the lawsuit for want of prosecution, even if the dismissal is without prejudice, leaves that plaintiff in the same position as if the lawsuit had never been filed." *Marrero v. Mosley*, No. 1:07cv119, 2007 WL 4436884, at *2 (E.D. Tex. Dec. 18, 2007) (citing *Lambert v. United States*, 44 F.3d 296 (5th Cir. 1995); *Hilbun v. Goldberg*, 823 F.2d 881 (5th Cir. 1987)).

A dismissal without prejudice under Rule 4(m) operates the same way. *See Lambert*, 44 F.3d at 298 ("While the timely filing of Lambert's first suit tolled [the applicable] statute of limitations, the district court's order dismissing the suit without prejudice [for his failure to timely comply with the requirements of Rule 4] left Lambert in the same position as if the first suit had never been filed." (citing *Hilbun*, 823 F.2d at 883)); *see also id.* at 300 (concluding "that Lambert cannot rely on the doctrine of equitable tolling to preserve his FTCA claim," because, "[i]f equitable tolling were available to Lambert in this case, he would have an opportunity to re-litigate essentially the same issues the district court considered when the court

dismissed his first suit under Rule 4(m)").

So the pendency of the related, prior lawsuit cannot save the untimely filing of this lawsuit.

## Recommendation

The Court should dismiss the complaint with prejudice as time barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 10, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE